UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-51164 (AHWS) |
| SAKIN-POLLAK, INNA | : | CHAPTER 7 |
| DEBTOR(S) | : | |
| FELIKS FRANKEL, TRUSTEE, MOVANT, | : | |
| V. | : | |
| SAKIN-POLLAK, INNA | : | |
|  and | : | |
| ROBERTA NAPOLITANO, TRUSTEE, | : | |
| RESPONDENTS. | : | August 31, 2015 |

**TRUSTEE'S OBJECTION TO MOTION FOR RELIEF FROM STAY**

The trustee objects to the Motion for Relief from Stay filed by Feliks Frankel, Trustee. As grounds for objection, the trustee states that:

1. The movant seeks relief from the automatic stay to obtain possession of real property known as 2 Windrose Way, Greenwich, Connecticut (the "Property"), or, in the alternative, a ruling that he does not need such relief under 11 U.S.C. §362(b)(22) and (l). The movant alleges that he obtained and served an execution of ejectment on the Debtor just before she filed this bankruptcy case.

2. Upon information and belief, the debtor transferred her ownership interest in the Property to the movant for less than reasonably equivalent consideration, so that the Trustee may avoid the transfer of the Property to the movant.

3. The estate's "mere, bare possessory interest," even without an accompanying legal interest "is sufficient to trigger the protection of the automatic stay." *48th Street Steakhouse, Inc. v. Rockefeller Group, Inc. (In re 48th Street Steakhouse, Inc.)*, 835 F.2d

427, 430 (2d Cir.1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988) (citations omitted)." *In re Fitzgerald*, 237 B.R. 252, 258-59 (Bankr. D. Conn. 1999).

4. Judge Krechevsky required debtors who objected to a motion for relief from stay by a mortgagee which took title to the debtors's residence through a judgment of strict foreclosure to sufficient evidence to present "sufficient evidence to demonstrate that there is a reasonable probability that the debtor would prevail in the later litigation which would completely adjudicate the challenges at issue." *In re St. Pierre*, 295 B.R. 692, 695 (Bankr. D. Conn. 2003). The Trustee is not in possession of evidence at this time, but believes that she might be able to produce it in the very near future; this case was filed just two weeks ago.

5. Sections 362(b)(22) and (l) of the Bankruptcy Code may negate the stay against any interest the debtor may have in the Property, but neither section lifts the stay against property of the estate.

WHEREFORE, the trustee objects to the movant's motion for relief from stay.

Dated at Bridgeport, Connecticut on August 31, 2015.

/s/ *Roberta Napolitano*
Roberta Napolitano, Trustee ct 08378
P.O. Box 9177
Bridgeport, CT 06601  203-333-1177

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-51164 (AHWS) |
| SAKIN-POLLAK, INNA | : | CHAPTER 7 |
| DEBTOR(S) | : | |
| FELIKS FRANKEL, TRUSTEE, MOVANT, | : | |
| V. | : | |
| SAKIN-POLLAK, INNA | : | |
| and | : | |
| ROBERTA NAPOLITANO, TRUSTEE, | : | |
| RESPONDENTS. | : | August 31, 2015 |

## CERTIFICATION

The undersigned Trustee hereby certifies that on August 31, 2015, the parties listed below were served the following documents through a Notice of Electronic Filing: (1) a copy of the Trustee's Objection to Motion for Relief from Stay; and (2) a copy of the proposed order.

**U. S. Trustee** USTPRegion02.NH.ECF@USDOJ.GOV
**Linda St. Pierre** lstpierre@huntleibert.com, bankruptcy@huntleibert.com
**Robert E. Kaelin**   rkaelin@murthalaw.com
**Mitchell J. Levine**   Mlevine@nairlevin.com

The following was served with a copy of the documents by first class mail: (1) a copy of the Trustee's Objection to Motion for Relief from Stay; and (2) a copy of the proposed order.

Inna Sakin-Pollak
2 Windrose Way
Greenwich, CT 06830

Dated at Bridgeport, Connecticut on August 31, 2015.

/s/  *Roberta Napolitano*
Roberta Napolitano, Trustee ct 08378
P.O. Box 9177
Bridgeport, CT 06601  203-333-1177