UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
Bridgeport Division

| | |
|---|---|
| In re | CHAPTER 7 |
| INNA SAKIN-POLLAK, | |
| Debtor. | CASE NO. 15-51164 (AHWS) |
| INNA SAKIN-POLLAK, | |
| Movant, | |
| v. | |
| FELIKS FRENKEL, TRUSTEE<br>Respondent. | SEPTEMBER 15, 2015 |

## OBJECTION TO DEBTOR'S MOTION FOR RECONSIDERATION/TO VACATE

Feliks Frenkel, Trustee (the "Mr. Frenkel"), by and through his undersigned counsel, submits this Objection to the Motion for Revision of Order Pursuant to Fed. R. Bakr. Pro 7054(b) dated September 13, 2015 (Dkt. No. 42) (the "Motion") filed by the Debtor Inna Sakin-Pollak (the "Debtor"). As set forth below, the Debtor has incorrectly cited to and relies on Fed. R. Civ. Pro. 54(b) in support of her Motion. Notwithstanding, as set forth below, it is patently clear, the Motion fails to establish the grounds for relief under either Fed. R. Bankr. P. 9023 or 9024 and therefore must be denied in its entirety.

In support of this Objection, Mr. Frenkel respectfully represents as follows:

## JURISDICTION AND VENUE

1. Jurisdiction to adjudicate this matter is vested in this Court pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 362(d).

2. This matter is a core proceeding as designated by 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. Mr. Frenkel is the current owner of the residential premises located at 2 Windrose Way, Greenwich, Connecticut 06830 (the "Premises").

4. Mr. Frenkel commenced a Summary Process Eviction Action against the Debtor and her husband in January, 2015 entitled <u>Frenkel, Trustee v. Pollak, et al.</u>, Dkt. No. SNSP-043698 (the "Eviction Action"). After multiple continuances, the Eviction Action Trial was finally scheduled for April 30, 2015.

5. To avoid a Trial and immediate disposition, the Tenants, *represented by counsel*, entered in a Stipulated Judgment with a <u>Final Stay of Execution</u> through <u>August 1, 2015.</u> (A true and accurate copy of the Stipulated Judgment is attached hereto as **Exhibit A**.) Per the terms of the Stipulated Judgment, the Tenants were provided until June 30, 2015 to secure a purchase and sale agreement for the Premises, with the clear agreement that they would voluntarily vacate the Premises by August 1, 2015 if they could not effectuate such sale. Moreover, the Tenants were allowed to remain in possession during the stay period rent free.

6. The Housing Court Judge entered Judgment in favor of the Movant in accordance with the Stipulated Judgment, following a Court canvass, on May 5, 2015. (A true and accurate copy of the Housing Court Judgment is attached hereto as **Exhibit B** (the "Eviction Judgment")).

2

7.     Having not effectuated a sale in accordance with the Eviction Judgment and having failed to vacate and surrender possession of the Premises on or before August 1, 2015, the Movant obtained a Summary Process Eviction Execution. (A true and accurate copy of the Summary Process Execution is attached hereto as **Exhibit C**.)

8.     As noted in the Summary Process Execution, the State Marshall served the Execution on the Tenants at the Premises on August 11, 2015[1] and as noted in the Execution would return to complete the Eviction on August 18, 2015 at 8:00 a.m. (See **Exhibit C**.)

9.     Hence, on August 17, 2015, the Debtor filed her *pro se* voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code merely to stop the Eviction Execution from taking place.

10.    In response to the bankruptcy filing, Mr. Frenkel filed a Motion to Confirm Termination of the Automatic Stay or in the Alternative Motion for Relief from Automatic Stay ('Stay Motion") (Dkt. No. 7). A hearing was set for September 9[th]. On the eve of the hearing, Attorney Charmoy filed his appearance as counsel for the Debtor and also filed a Motion to Convert the Case to a Case Under Chapter 11.

11.    At the September 9th hearing, the Court granted the Stay Motion. Later that day, the case was automatically converted to a case under Chapter 11.

12.    On September 10, 2015, this Court entered an Order consistent with 362(b)(22) concluding there was no automatic stay protection to this Debtor. (Dkt. No. 32) As a result of the Order entering, Mr. Frenkel is trying to have the Debtor finally evicted from the Premises consistent with the Eviction Judgment. The State Marshall

---

[1] On August 13, 2015, Mr. Pollak filed a Writ of Audita Querela with the Housing Court seeking to stop the Eviction. That Writ was promptly denied by the Housing Court.

has now gone back to the Premises re-serving the Execution noting he would be returning to complete the Eviction on Thursday, September 17th.

13. Still seeking to frustrate Mr. Frenkel's state law rights, the Debtor has now filed the instant Motion arguing, essentially, that the Court should vacate the Stay Order. As set forth below, there is no basis for granting the extraordinary relief requested.

## LEGAL ARGUMENT

### The Court Must Deny the Motion for Reconsideration as the Movant Has Failed to Demonstrate Any Grounds for the Relief Requested.

14. The provisions of the automatic stay do not apply in all cases – there are exemptions set forth under Section 362(b). One of those Sections, added under BAPCPA, excludes from the automatic stay the continuation of any eviction by a lessor against a debtor involving residential property if a judgment for possession had entered against the debtor prior to the filing. 11 U.S.C. § 362(b)(22). As set forth above, that has clearly and undeniably occurred in this case.

15. On September 10, 2015, this Court entered an Order consistent with 362(b)(22) concluding there was no automatic stay protection to this Debtor. (Dkt. No. 32) "Relief from stay orders are final and, like other final orders, should not be set aside lightly." In re Rodriguez Camacho, 361 B.R. 294, 299 (1st Cir. BAP 2007).

16. The Debtor has now filed its Motion, while labeled for "revision" under Fed. R. Bankr. Pro. 7054(b), is properly, or at best, a motion for reconsideration pursuant to either Fed. R. Bankr. P. 9023 or 9024. Under either Rule, the Debtor fails to demonstrate an entitlement to the extraordinary relief requested.

4

17. Fed. R. Bankr. P. 9023 provides, in part, as follows: "A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."

18. The standard for granting a motion to alter or amend a judgment under Federal Rule 59(e) is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)). Such request for relief "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Tonga Partners, 684 F.3d at 52 (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998). Thus, motions for reconsideration and to amend or alter judgment serve a limited function—to correct manifest errors of law or fact or to present newly discovered evidence. In re Terrestar Network, 2013 Bankr. LEXIS 745, *11 (Bankr. S.D.N.Y. 2013); see also In re Crozier Bros., Inc., 60 B.R. 683, 687 (Bankr.S.D.N.Y.1986). Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Management Sys. Inc. Sec. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). The burden rests with the movant. In re Terrestar Network, at *11.

19. Alternatively, a motion for relief from judgment under Fed. R. Civ. P. 60(b) ("Rule 60(b)"), made applicable by Bankruptcy Rule 9024, provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

5

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

20. The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The burden on a party moving for reconsideration of an order is thus substantial. Toland v. Walsh, No. 9:04-CV-0773, 2008 U.S. Dist. LEXIS 704, 08 WL 657247, at *1 (N.D.N.Y. Mar. 7, 2008). As such, there are only three possible grounds upon which motions for reconsideration may be granted: (1) an intervening change in law, (2) the availability of evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. Shannon v. Verizon New York, Inc., 519 F.Supp.2d 304, 307 (N.D.N.Y. 2007) (citing Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983). However, a motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257. To this point, the Second Circuit has held that a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'... ." Sequa Corp. v. GBJ

Corp., 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

21.    Here, the Debtor hinges her Motion on the fact the case has now been converted to a Chapter 11 – which the Debtor says is new evidence – and it would be manifest injustice to allow the Movant to profit from his misdeed and evict the Debtor. (Motion, p. 20). Supporting the aforementioned is the contention that Mr. Frenkel did not have the right to record the Deed to the Premises. (Motion, p. 6). None of the Debtor's arguments warrant reconsideration.

22.    Moreover, it is offensive for the Debtor to accuse Mr. Frenkel of any misdeed and as someone seeking to profit when the undisputed facts are as follows:

- It was the Debtor and her husband who were the subject of four foreclosure actions back in 2010 when they sought Mr. Frenkel's assistance -- Docket Nos. CV09-5011378-S, CV09-6001184-A, CV-10-6003096-S and CV-10-6004441-S (hereinafter referred to as the "Foreclosure Actions") and said actions have resulted in judgments for certain of the mortgage holder(s);

- In certain of said Foreclosure Actions a judgment of foreclosure by sale was to be held September 25, 2010;

- It was the Pollaks who requested that Mr. Frenkel provide and contribute his creditworthiness in Pollak's effort to refinance the Premises in order to payoff the mortgagees of record on the Premises prior to the pending Foreclosure;

- It is the Pollaks who have never lived up to any of their financial obligations to Mr. Frenkel leading to a Foreclosure Action being commenced against Mr. Frenkel and a sale date now of April, 2016 (as noted in the Motion); and

- It is the Pollaks who have been living for years in a multi-million dollar home in Greenwich without paying for insurance, taxes or any sort of financial payments to Mr. Frenkel or towards the Wells Fargo mortgage.

17.    The Stay Order is based on Section 362(b)(22) and the fact Congress decided to add protection to landlords who obtained prepetition state court eviction

7

judgment. The Debtor cannot dispute the fact there is in fact a State Court Eviction Judgment. (See Exhibits A & B.)

23.   Whether the case is a chapter 7 or chapter 11 case is therefore irrelevant. Moreover, whether or not the Debtor believes there may be a colorable avoidable action is also irrelevant, although it is extremely unlikely the Debtor would prevail in any future fraudulent transfer claim against Mr. Frenkel.

24.   What is troubling is how the Debtor is playing "fast and loose the Courts." In the State Court Action, the Debtor knowingly and voluntarily, with the advice of counsel, agreed to the entry of an Eviction Judgment and agreed to vacate the Premises, but now attempts to argue to this Court that Mr. Frenkel never had the right to do what he is seeking to do. This is precisely what the doctrine of Judicial Estoppel is designed to prevent. "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. . . . Typically, judicial estoppel will apply if: 1) a party's later position is 'clearly inconsistent' with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." In re Adelphia Recovery Trust, 634 F.3d 678, 695–96 (2d Cir. 2011) (citations omitted). See Wight v. BankAmerica Corp., 219 F.3d 79, 89 (2d Cir. 2000) ("Judicial estoppel is designed to prevent a party who plays fast and loose with the courts from gaining unfair advantage through the deliberate adoption of inconsistent positions in successive suits.").

25. Accordingly, there is no new evidence warranting reconsideration and undermining what Congress put into place with Section 362(b)(22). The only manifest injustice is the actions by the Debtor in seeking to use this Bankruptcy Court as a venue or mechanism to avoid her obligations to the Connecticut State Court and seeking to continue residing in a multimillion dollar home in Greenwich, Connecticut for free and at the expense of Mr. Frenkel.

WHEREFORE, Mr. Frenkel respectfully requests that this Court enter an Order denying the Motion in its entirety and such other and further relief as this Court deems appropriate.

RESPONDENT - FELIKS FRENKEL, TRUSTEE

By /s/ Robert E. Kaelin
    Robert E. Kaelin – ct11631
    rkaelin@murthalaw.com
    Meredith C. Burns – ct27544
    mcburns@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103
Telephone: (860) 240-6000
Facsimile: (860) 240-6150
His Attorneys

6374491v1

# EXHIBIT A

| COURT | Docket No. |
|---|---|
| Housing Session at NORWALK, 17 Belden Avenue, Norwalk, CT 06850 | SNSP- 43698 |

NAME OF CASE: Frenkel, Trustee vs. Pollak et al

## STIPULATED AGREEMENT OF THE PARTIES

Judgment for Possession may enter in favor of the plaintiff(s) with a **FINAL** stay of execution through 8/1/2015
On the condition(s) that:

1) Both parties agree: _____ reasonable use and occupancy shall be _____ due on or before the _____ day of each _____ commencing _____

2) The defendant acknowledges owing the plaintiff the sum of $ _____

① Defendants have right until 6/30/2015 to secure a purchase and sale agreement for the property, including 10% Deposit paid to defendants Counsel.

② If No purchase and sale agreement by 6/30/15 defendant must vacate by 8/1/15

③ If valid purchase & sale agreement, parties must close by 9/1/15 and defendants can vacate by closing

④ Defendant must give reasonable access to show property effective immediately.

Defendant waives any right to reopen, appeal or request a further stay of execution.

Defendant shall leave the premises in a broom clean condition, remove all personal belongings and return all keys to landlord. Any property remaining on the premises after the defendant vacates shall be deemed abandoned property.

Payments shall be made to the _____

If the defendant fails to make any agreed payment, the plaintiff may immediately file an affidavit requesting an execution.

_____ Attorney for Plaintiff    4/30/2015    Defendant's Counsel

Housing Specialist    Date Signed

# EXHIBIT B

STATE OF CONNECTICUT
**SUPERIOR COURT HOUSING SESSION**
OFFICE OF THE CLERK
www.jud.ct.gov

NOTICE OF JUDGMENT
AFTER STIPULATION
SUMMARY PROCESS (EVICTION)
JD-HM-4  Rev. 7-00 C.G.S. §47a-26h VAF&RAG



MURTHA CULLINA LLP
CITYPLACE ONE
185 ASYLUM STREET
HARTFORD, CT 06103-3469

**NOTICE TO ALL OCCUPANT(S) NOT NAMED IN JUDGMENT**
If you have not been named as a party to this summary process action, and claim to have a right to continue to occupy the premises, you should promptly complete and file with the Clerk's Office a Claim of Exemption from the judgment. The Claim of Exemption form may be obtained from the Clerk at the address listed below.

| HOUSING SESSION | DOCKET NO. |
|---|---|
| Stamford-Norwalk | SNSP-043698 |
| **ADDRESS OF COURT** | **DATE OF NOTICE** |
| 17 Belden Avenue, Housing, Norwalk, CT 06850 | 05/05/2015 |
| **NAME OF CASE** | **DATE OF JUDGMENT** |
| Frenkel, Trustee v Pollak et al | 05/05/2015 |
| **ADDRESS OF PREMISES** | |
| 2 Windrose Way, Greenwich, CT 06830 | |

Stipulation filed as to Leonid Pollak, Inna Pollak; Judgment for plaintiff with a final stay through August 01, 2015, per conditions in file. Court canvass.

S/Hon. Eddie Rodriguez, Judge

**If the conditions stated above are not followed completely, the plaintiff (landlord) has the right to apply for an Execution from the Clerk of Court, which gives a Marshal the right to physically move out your possessions.**

Edmond O'Garro, Esq.
CLERK

# EXHIBIT C

08/04/2015 11:01 FAX                                                                                                      ☒002/003

| SUMMARY PROCESS EXECUTION FOR POSSESSION (EVICTION) | STATE OF CONNECTICUT SUPERIOR COURT | The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA |
|---|---|---|
| JD-HM-2 Rev 9-11 C G S §§ 47a-26h, 47a-42 | www.jud.ct.gov | |

**Court**

☐ Judicial District    ☒ Housing Session    ☐ Geographical Area Number

Docket number: SNSP-043698

Address of court location (Number, street, town and zip code)
17 Belden Ave., Norwalk, CT 06850

Date of judgment: 04/30/2015

Name and Mailing Address of Plaintiff or Attorney:
Andrew P. Barsom, Esq.
Murtha Cullina LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

**Instructions To Plaintiff Or Attorney**
1. Complete this form.
2. Give 2 copies of this form to the clerk for the clerk to sign.
3. The clerk will give the original form back to you.
4. Keep a copy of the form for your records and give the original to a State Marshal for service on the defendant(s) (tenants and/or occupant(s)).

Name(s) of Plaintiff(s) (Landlord):
Feliks Frenkel, Trustee

Name(s) of Defendant(s) (Tenant(s) and/or Occupant(s)):
Leonid Pollak and Inna Pollak

Address of premises (Number, street, town and apartment number)
2 Windrose Way, Greenwich, CT 06830

**TO: Any Proper State Marshal**
By the authority of the State of Connecticut, you are commanded to give the Plaintiff(s) possession of the premises above, by putting the Defendant(s) and any other Occupant(s) bound by the judgment out of possession. If the Defendant(s) and such other Occupant(s) have not removed all their possessions and personal effects then you may remove them and deliver them to the place of storage designated by the chief executive officer of the town; prior to removal you must give the chief executive officer of the town 24 hours notice of the eviction, stating the date, time and address of the eviction as well as a general description, if known, of the types and amount of property to be removed from the premises and delivered to the designated place of storage. Prior to giving notice to the chief executive officer you must use reasonable efforts to locate and notify the Defendant(s) and any other Occupant(s) bound by the judgment of the date and time the eviction is to take place and the possibility of a sale of their possessions pursuant to section 47a-42 of the Connecticut General Statutes.
Make service of a true copy upon each defendant and occupant bound by the judgment and due return within 60 days of the date hereof.

Signed (Clerk): [signature]    Date signed: 8/4/15

**Notice To Defendant(s) (Tenant(s) and/or Occupant(s))**

Your landlord (the plaintiff) has won a judgment against you in this eviction case giving the landlord possession of the premises. This means that you must move out of the premises at the address above by this date. ►

If you think you have a right to stay in the premises, you should contact an attorney immediately.

If you do not move out by that date this paper, which does not have to be handed to you personally, gives a State Marshal the legal right to move your possessions and personal effects out of the premises and deliver them to the place of storage designated by the chief executive officer of the town.

(To be completed by State Marshal)
If you do not move your possessions and personal effects on or before
Date: 8/16/15    At (Time): 8:30 A.M.
I will return to move your possessions and personal effects out of the premises and store them. Your possessions and personal effects will be stored at:
Call Town Hall

You may call: _____ to reclaim any of those possessions and personal effects and to arrange to have them given back to you. (If your possessions and personal effects are removed and stored and you do not reclaim them and pay the expense of storage within 15 days, then they may be sold by the town under section 47a-42 of the Connecticut General Statutes.)

**Return of Service**
By virtue of the foregoing execution,
On 8/11/15    At (Time): ____ M

☐ I notified the Defendant(s) and Occupant(s)
☐ I used reasonable efforts to locate the Defendant(s) and Occupant(s) but was unable to notify the following.

Thereafter I notified the chief executive officer of the town where the premises are situated,
On ____    At (Time): 11:05 A.M.

that the eviction of the Defendant(s) and Occupant's(s') possessions and personal effects would take place.
On 8/18/15    At (Time): 8 AM

and I further advised said chief executive officer, so far as known of the general description, types and amount of the property to be removed from

said premises.
On ____    At (Time): ____ M

And afterwards,
the Defendant's(s') and Occupant's(s') possessions,
☐ had been removed
☐ were removed by me and stored and I put the Plaintiff(s) in possession of said premises

Signed (State Marshal): [signature] ATTRUE COPY ATTEST
JOS... PURCELL
ST. MARSHAL
FAIRFIELD COUNTY

Date signed: ____